IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOMLINSON BLACK NORTH IDAHO,  )<br>   )<br>         Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>GERALDINE KIRK-HUGHES, ET AL,   )<br>   )<br>         Defendants.   )<br>_____ ) | Case No. CV06-118-N-EJL<br><br>MEMORANDUM ORDER |

## BACKGROUND

Plaintiff Tomlinson Black North Idaho, Inc. filed its complaint in the District Court of the First Judicial District of the State of Idaho on February 16, 2006. The complaint listed four defendants: Geraldine Kirk-Hughes, an individual; Kirk-Hughes, LLC; Kirk-Hughes Development, LLC; and Kelly Polatis, an individual. On February 16, 2006, the process server served the summonses and copies of the complaints to Geraldine Kirk-Hughes, in her individual capacity, and Geraldine Kirk-Hughes, as a registered agent for Kirk-Hughes, LLC. The process server also gave the summons and complaint for Kelly Polatis to Ms. Kirk-Hughes. Kirk-Hughes Development, LLC was not served until March 3, 2006.

On March 21, 2006, Defendants Geraldine Kirk Hughes, Kirk-Hughes, LLC, and Kirk Hughes Development, LLC filed their Notice of Removal to the United States District Court of the District of Idaho based upon diversity jurisdiction. The filing of this notice was within thirty days after the service of process upon Kirk-Hughes Development, LLC; however the filing was more than thirty days after personal service was completed upon Geraldine Kirk-Hughes and Kirk-Hughes, LLC. Mr. Polatis has not joined the removal motion.

The plaintiff has moved to remand this action to state court. The defendants have responded. The time for the plaintiff to file a reply brief has expired, so the motion is ripe for review. D. Idaho R. 7.1(b)(3).

**DISCUSSION**

Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty days after the defendant is served with a copy of the initial pleading or summons. Additionally, a removal petition will be procedurally defective if the proper defendants do not unanimously agree to join the removal. Emrich v. Touche Ross Co., 846 F.2d 1190, 1193 (9th Cir. 1988) [hereinafter "unanimity requirement"]. There are two issues in this case based upon those requirements. First, whether Mr. Polatis was properly served and required to join the removal action to meet the unanimity requirement. And second, whether the notice of removal was timely filed.

**A.**

The first issue is whether Mr. Polatis was properly served when the process server left his copy of the pleading and summons with Ms. Kirk-Hughes, his co-defendant. If Mr. Polatis was not properly served, he would not have to join the removal action until he had been properly served. Salveson v. Western States Bankcard Ass'n., 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that a defendant who has not been properly served does not have to join the removal action).

Pursuant to I.R.C.P. 4(c)(1), service of all processes shall by made by "some person over the age of eighteen (18), not a party to the action," such as one of the other defendants.[1] In this case, the process server handed Mr. Polatis's copy of the complaint and summons to Ms. Kirk-Hughes instead of Mr. Polatis himself. Because Ms. Kirk-Hughes is a party to the action, she could not serve Mr. Polatis.

Furthermore according to Ms. Kirk-Hughes' affidavit filed with the defendant's objection to the motion to remand, she never gave the summons or complaint to Mr. Polatis. Mr. Polatis was not properly served, so he was not required to join in the removal at the time it was filed. The Notice

---

[1] The Idaho Rules of Civil Procedure are applied in this situation because the service attempt was done prior to removal. State procedural rules govern until the action is removed to federal court. Prazak v. Local 1 Intern. Union of Bricklayers & Allied Crafts, 233 F.3d 1149, 1152 (9th Cir. 2000); Fed.R.Civ.P. 81(c). The Federal Rules of Civil Procedure govern the procedures after removal. Fed.R.Civ.P. 81(c).

MEMORANDUM ORDER - Page 2
06ORDERS\Tomlinson.WPD

of Removal met the unanimity requirements because Mr. Polatis is not required to join the removal until he has been properly served. Salveson, 731 F.2d at 1429.

**B.**

The plaintiff also claims that the Notice of Removal was not filed timely. At the time the Notice of Removal was filed, only one of the defendants had been served within the thirty-day time period required for a timely notice; the other two defendants had been served more than thirty days prior to the notice. So the issue is whether the Notice of Removal has to be filed within thirty days after the first defendant is served or within thirty days after the last defendant is served.

Pursuant to 28 U.S.C. § 1446(b), if there are multiple defendants and they are all served at the same time, the notice of removal must be filed within thirty days from that service date. However, 28 U.S.C. § 1446(b) does not expressly address the time period for removal when multiple defendants are served at different times. The Ninth Circuit Court of Appeals and United States Supreme Court have not yet ruled on the issue. Consequently, the courts are applying two different rules to resolve the issue: the first-served rule and the last-served rule. Ford v. New United Motors Mfg., 857 F. Supp. 707 (N.D. Cal. 1994).

The Fifth Circuit Court of Appeals has adopted the first-served rule. Brown v. Demco, Inc., 792 F.2d 478, 481–82 (5th Cir. 1986). Under the first-served rule, the thirty-day limitation for removal runs for all defendants after the first defendant is served. Id. This rule is based upon the unanimity requirement. The courts that have applied the first-served rule hold that once the thirty days have passed the first-served defendant loses its right to remove the case and cannot consent to removal by subsequent defendants. Id. So if the first-served defendant cannot join a subsequent motion for removal, the defendants cannot meet the unanimity requirement. Id.

Courts purport to apply this rule because it settles the forum for the lawsuit quickly and could prevent forum shopping. Id. Another policy reason cited by the first-served rule courts is that removal statutes are to be strictly construed against removal construction. McAnally Enterprises, Inc. v. McAnally, 107 F. Supp.2d 1223, 1226 (C.D. Cal., 2000) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Along with the Fifth Circuit, some of the district courts within the Ninth Circuit have adopted the first-served rule: the Central District of California and the District of

MEMORANDUM ORDER - Page 3
06ORDERS\Tomlinson.WPD

Nevada. McAnally Enterprises, Inc., 107 F. Supp.2d 1223; Biggs Corp. v. Wilen, 97 F. Supp.2d 1040 (D. Nev. 2000).

Both the Sixth Circuit Court of Appeals and the Eighth Circuit Court of Appeals have adopted the last-served rule. Marano Enterprises of Kansas v. Z-Teca Restaurants, 254 F.3d 753 (8th Cir. 2001); Brierly v. Alusisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999). Under the last-served rule, each defendant has thirty days from the time it was served to remove an action. Smith v. Mail Boxes, Etc., 191 F. Supp.2d 1155, 1158 (E.D. Cal. 2002). This rule permits the first-served defendant to join, but not initiate, a removal action even though that defendant's thirty-day period has passed. Id. at 1161. The reasoning behind this rule is that it protects the removal rights of defendants that were served at a later time by giving them the opportunity to persuade the earlier-served defendants to join the removal action. Id. And if the plaintiff wants to settle the forum quickly, the plaintiff simply needs to identify and serve all of the defendants promptly. Id. This rule also preserves the unanimity requirement because each of the defendants can prevent removal or cause a remand by refusing to consent to the removal as soon as that defendant is properly served. Id.

Other than these fairness arguments, courts have also adopted the last-served defendant rule as a matter of statutory construction. If Congress had intended to limit the thirty-day period to the first-served defendant, it could have placed the word "first" in front of defendant. Brierly, 184 F.3d at 533. Because Congress did not state that the thirty-day period applied only to the first defendant, each defendant should have a thirty-day period following service to file a removal notice. Id. In addition to the Sixth Circuit Court of Appeals and the Eighth Circuit Court of Appeals, district courts within the Ninth Circuit have also adopted the last-served rule: the Eastern District of Washington, the District of Arizona, the District of Oregon, and the Eastern District of California. Griffith v. American Home Products, Corp., 85 F. Supp.2d 995 (E.D. Wash. 2000); United Traffic Consultants, Inc. v. Premium Logistics, Inc., No. Civ. 01-1324-JE, 2001 WL 34039477 (D. Or. Nov. 16, 2001); Smith, 191 F. Supp.2d 1155; Hobbs v. Pacificorp, No. CV-05-1906-PHX-SRB, 2006 WL 120325 (D. Ariz. Jan. 17, 2006). Indeed, the recent trend is to follow the last-served rule out of fairness to all of the defendants. Griffith, 85 F. Supp.2d at 997.

Because the last-served rule preserves the removal rights of all the defendants and meets the unanimity requirements, this Court adopts the last-served rule.  In this case, the Notice of Removal was properly filed within thirty day after the last-served defendant, Kirk-Hughes Development, LLC. All three defendants that have been properly served joined the removal, so the unanimity requirement has been met.  As soon as Mr. Polatis is properly served, he can choose to join the removal action and it will remain in federal court or he can withhold that consent and the case will be remanded.  Smith, 191 F. Supp.2d at 1161.  Currently, all of the properly served defendants have joined the removal action and the action was filed within thirty days after the last defendant was served, so the notice of removal was timely and this case was properly removed.

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that the plaintiff's Motion To Remand Action To State Court (docket no. 5) be **DENIED**.

DATED: **June 8, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge